UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOHN IBARRA, as personal representative
of the Estate of KAREN SHELTON IBARRA,

    Plaintiff,

vs.                                      CASE NO:  8:14-cv-00084-EAK-MAP

ARMOR CORRECTIONAL HEALTH
SERVICES, INC. and DOCTOR DOE,

    Defendants.

_____/

**DEFENDANT, ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

**COMES NOW**, Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC.,

(hereinafter referred to as "ARMOR") by and through undersigned counsel, and files its Answer

and Affirmative Defenses to the Complaint filed by Plaintiff and would state as follows:

    1.      Denied.

    2.      Admitted for jurisdictional purposes only.

    3.      Admitted for jurisdictional purposes only.

    4.      Denied.

**PARTIES AND OTHER PARTICIPANTS**

    5.      Unknown and therefore denied.

    6.      Unknown and therefore denied.

    7.      Unknown and therefore denied.

    8.      Admitted.

    9.      Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## **FACTUAL ALLEGATIONS**

14. Unknown and therefore denied.

15. Unknown and therefore denied.

16. Denied.

17. Unknown and therefore denied.

18. Unknown and therefore denied.

19. Denied.

20. Unknown and therefore denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Unknown and therefore denied.

28. Unknown and therefore denied.

29. Unknown and therefore denied.

30. Denied.

31. Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

## COUNT I – 42 U.S.C.§1983 CLAIM AGAINST
## ARMOR CORRECTIONAL HEALTH SERVICES, INC.

46.    Defendant, ARMOR, realleges and reavers its response to paragraphs one (1) through forty-five (45) above, as if fully incorporated herein.

47.    Denied.

48.    Denied.

49.    Unknown and therefore denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

    a.  Denied.

    b.  Denied.

    c.  Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

**COUNT II – 42 U.S.C.§1983 CLAIM AGAINST DEFENDANT, DOCTOR DOE INDIVIDUALLY, MEMBER OF ARMOR'S MEDICAL STAFF**

58.    Defendant, ARMOR, realleges and reavers its response to paragraphs one (1) through forty-three (43) above, as if fully incorporated herein.

59-70.  Paragraphs 59 through 70 do not appear to apply to ARMOR.  To the extent that any allegations within these paragraphs are deemed to apply to this Defendant, they are denied.

**CLAIM OF THE ESTATE**

71.    Denied.

**CLAIM OF PERSONAL REPRESENTATIVE ON BEHALF OF THE ESTATE OF KAREN IBARRA, DECEASED**

72.    Denied.

    a.    Denied.

    b.    Denied.

    c.    Denied.

## CLAIM OF PERSONAL REPRESENTATIVE ON BEHALF OF SURVIVING SPOUSE, JOHN IBARRA

73. Denied.

    a.    Denied.

    b.    Denied.

    c.    Denied.

    d.    Denied.

## CLAIMS OF THE SURVIVING MINOR CHILDREN

74. Denied.

    a.    Denied.

    b.    Denied.

    c.    Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As its First Affirmative Defense, Defendant, ARMOR states that it is not liable for the injuries and/or death of KAREN SHELTON IBARRA (herein after referred to as "MS. IBARRA").

## SECOND AFFIRMATIVE DEFENSE

As its Second Affirmative Defense, Defendant, ARMOR states that MS. IBARRA knew of, was aware of, or should have been aware of the existence of the dangers complained of in the Complaint.  MS. IBARRA realized and appreciated the possibility of injury and/or death as a result of the dangers she expressly exposed herself to, and having a reasonable opportunity to avoid or mitigate them, she voluntarily exposed herself to the dangers, relieving ARMOR of any liability.

## THIRD AFFIRMATIVE DEFENSE

As its Third Affirmative Defense, Defendant, ARMOR states that representatives of ARMOR, including but not limited to physicians, nurses and other healthcare practitioners did not have subjective knowledge of a risk of serious harm to MS. IBARRA.

## FOURTH AFFIRMATIVE DEFENSE

As its Fourth Affirmative Defense, Defendant, ARMOR states that its representatives, including but not limited to physicians, nurses and other healthcare providers did not disregard a serious risk of harm to MS. IBARRA of which they had subjective knowledge.

## FIFTH AFFIRMATIVE DEFENSE

As its Fifth Affirmative Defense, Defendant, ARMOR states that its representatives, including but not limited to physicians, nurses and other healthcare providers did not disregard a serious risk of harm to MS. IBARRA of which they had subjective knowledge by conduct that was more than mere negligence.

## SIXTH AFFIRMATIVE DEFENSE

As its Sixth Affirmative Defense, Defendant, ARMOR states that the actions and omissions allegedly committed by Defendant, ARMOR, and/or its representatives, including but not limited to physicians, nurses and other healthcare providers in the Complaint do not rise to the level of a constitutional deprivation and are not actionable under 42 U.S.C. §1983.

## SEVENTH AFFIRMATIVE DEFENSE

As its Seventh Affirmative Defense, Defendant, ARMOR states that the injury, death, loss or damage claimed by the Plaintiff as a result of the actions of third parties over whom Defendant, ARMOR, had neither custody nor control.

## EIGHTH AFFIRMATIVE DEFENSE

As its Eighth Affirmative Defense, Defendant, ARMOR states that the Plaintiff is barred from recovering any damages for losses sustained which have been paid or are payable by any collateral sources of indemnity available to the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

As its Ninth Affirmative Defense, Defendant, ARMOR states that all injuries and damages sustained by MS. IBARRA were based upon a pre-existing and/or congenital and/or hereditary condition unknown to Defendant, ARMOR, and for which ARMOR is not responsible. As a result, the Plaintiff is not entitled to any recovery based upon any injuries or damages sustained as a result of that condition.

## TENTH AFFIRMATIVE DEFENSE

As its Tenth Affirmative Defense, Defendant, ARMOR states that it did not have a custom or policy which was the moving force behind any violation of MS. IBARRA's constitutional rights.

## JURY DEMAND

Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., demands a trial by jury as to all issues so triable.

/s/ S. Renee Stephens Lundy
S. RENEE STEPHENS LUNDY, ESQUIRE
Florida Bar No. 0501867
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310    Fax: 407-648-0233
RLundy@drml-law.com
KimWhite@drml-law.com
Denise.Covert@drml-law.com
Attorneys for Defendant, ARMOR

   **I HEREBY CERTIFY** that on February 10, 2014, the foregoing was electronically filed through the Florida Courts E-Filing Portal which will send a notice of electronic filing to William E. Partridge, Esquire, Grossman, Roth and Partridge, 1800 Second Street, Suite 777, Sarasota, FL 34236 (wepgrossmanroth.com; ajs@grossmanroth.com; las@grossmanroth.com).

/s/ S. Renee Stephens Lundy
S. RENEE STEPHENS LUNDY, ESQUIRE
Florida Bar No. 0501867
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310   Fax: 407-648-0233
RLundy@drml-law.com
KimWhite@drml-law.com
Denise.Covert@drml-law.com
Attorneys for Defendant, ARMOR
