**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**JOHN IBARRA, as personal representative**
**of the Estate of KAREN SHELTON IBARRA,**

      **Plaintiff,**

**vs.**         **CASE NO:  8:14-cv-00084-EAK-MAP**

**ARMOR CORRECTIONAL HEALTH**
**SERVICES, INC.,**

   **Defendant.**

_____/

<u>**DEFENDANT ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S**</u>
<u>**RENEWED MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESSES**</u>
<u>**FOR INSUFFICIENT RULE 26 DISCLOSURES**</u>

Defendant, Armor Correctional Health Servicces, Inc. ("Armor"), by and through undersigned counsel, renews its Motion to Strike Expert Witnesses disclosed by Plaintiff, John Ibarra, as personal representative of the Estate of Karen Shelton Ibarra ("Plaintiff"). Plaintiff's expert witness disclosure violates Rule 26(a)(2)(B). Armor moves to strike Plaintiff's expert disclosure and requests that this Court enter an Order excluding the testimony of these experts at any hearing, within any motion, and at trial. Plaintiff has not complied with the Federal Rules of Civil Procedure or the Court's Case Management Order. Plaintiff's failure to provide Armor with proper information in the disclosure is prejudicial to Armor's

ability to address those "disclosures."

## FACTS

1.     This case is brought pursuant to 42 U.S.C. §1983 wherein Plaintiff alleges that Armor had a custom or policy that is causally linked to the death of Karen Ibarra.

2.     On May 7, 2014, this Court entered a Case Management and Scheduling Order. [Doc. 9]. Pursuant to the Order, Plaintiff was required to disclose his experts on December 15, 2014. Thereafter, Armor's expert disclosure was due on January 15, 2015. [Doc. 9].

3.     On December 30, 2014, after missing the December 15, 2014 disclosure deadline, Plaintiff's counsel filed a Motion for Enlargement of Time to file expert disclosures, requesting a twenty (20) day extension until January 5, 2015. [Doc. 13]. This Court granted Plaintiff's motion on January 5, 2014. [Doc. 14].

5.     On January 5, 2015, Plaintiff served his expert disclosure, a copy of which without attachments is attached hereto as Exhibit "A".[1] Pertinent to this motion, the expert disclosure listed Wilson A. Broussard, Jr., M.D., Laura Hair, M.D., Joseph E. Gunja, and Deborah Borelli, R.N., CCRN, M.S.N.

---

[1] The attachments to the disclosure were the curriculum vitaes of Joseph E. Gunja, Deborah J. Borelli and practitioner profiles of Wilson Antoine Broussard, Jr. and Laura Scheibley Hair. Also attached was a fee schedule of Mr. Gunja dated June 27, 2012, along with his cases within the past four years.

6.     Plaintiff's expert disclosure did not provide information required by the disclosure rule. The disclosure did not include written reports prepared and signed by the witnesses. No stipulations or orders were entered wherein it was indicated that written reports prepared and signed by the witnesses were not required to be provided.   Accordingly, Plaintiff's disclosure did not provide a complete statement of all opinions the witnesses will express and the basis and reasons for them. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

7.     On January 22, 2015 – seventeen days after the extended expert disclosure deadline and seven days after Armor timely served its expert disclosures – Plaintiff served Ms. Borelli's expert report. Plaintiff did not serve an expert report for Dr. Broussard, Dr. Hair, or Mr. Gunja.

8.     As a result of Plaintiff's non-compliance with this Court's Order and the Rule 26 disclosure obligations, Armor moved that all expert witnesses including Dr. Broussard, Dr. Hair, Mr. Gunja, and Ms. Borelli be stricken. [Doc. 17].

9.     In Response, Plaintiff recognized his failure to comply with Rule 26's requirements and his tardiness with respect to this Court's Scheduling Order. Nonetheless, he contended that the defect as to expert Borelli had been cured by the January 22, 2015 expert disclosure; that no expert reports were required for Drs. Hair and Broussard; and that the failure to provide a report for Mr. Gunja was

substantially justified. [Doc. 20]. He further argued that the undersigned failed to confer prior to filing the initial motion to strike.[2]

10.    By Order entered March 20, 2015, this Court denied the motion to strike as to Ms. Borelli based on Plaintiff's representations of cure. With respect to Dr. Broussard, Dr. Hair, and Mr. Gunja, the Court denied the motion without prejudice based on Plaintiff's representations of failure to confer. [Doc. 23].

11.    As of this date, Plaintiff has still not served an expert report of Dr. Broussard, Dr. Hair, or Dr. Gunja. Moreover, the deposition testimony of Ms. Borelli has revealed the complete inadequacy of her expert report.

## MEMORANDUM OF LAW

### I.  Requirements of Rule 26(a)(2)(B)

Plaintiff's expert disclosure does not comply with Rule 26(a)(2)(B)(i)-(vi). At best, the disclosures are merely a supplemental witness disclosure to Plaintiff's Initial Rule 26 disclosure.  *See* Fed. R.. Civ. P. 26(e). However, for expert witnesses, Rule 26(a)(2)(B) requires that the disclosure be accompanied by a written report. The rule states:

> (B)  *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report- prepared and signed by the witnesses-if the witness is one retained or specially employed to provide expert

---

[2] Counsel for the parties recently discussed whether a 3.01(g) conference had occurred relative to the initial motion to strike [Doc. 17] and determined that there was a miscommunication between the attorneys.

4

testimony in the case or one of whose duties as the party's employee regularly involve giving expert testimony.

And, written expert reports must contain the following information:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualification, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(iv).

Expert witness discovery rules are designed to allow both sides to prepare their cases adequately and to prevent surprise. *See Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F.Supp. 1241 (M.D. Fla., 2012) (Dalton, J.) (holding that the exclusion of testimony of the manufacturer's expert was warranted). Compliance with the requirements of the rule governing disclosure of expert witness opinions is not merely aspirational. *Id.* at 1248. Notice of the expert witness' name is not enough. *See Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir.

2004) (county obliged to provide an expert witness report as required by the Federal Rules of Civil Procedure).

The Advisory Committee Notes to Rule 26 explain that the expert report "is intended to set forth the substance of the direct examination." 146 F.R.D. 401, 634. The expert report "is adequate when it is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2009 WL 1139575, at *1 (M.D. Fla. Apr. 27, 2009) (internal quotations and citations omitted).

In Plaintiff's prior response to the initial motion to strike, he argued that because Drs. Hair and Broussard are not retained experts there is no need for an expert report. This is an incorrect statement of the law. "In determining whether Rule 26(a)(2)(B) report is required, the label of 'treating physician' is irrelevant; instead, the determination turns on the substance of the physician's testimony." *In re Denture Cream Products*, 2012 WL 5199597, at *4 (quoting *Singletary v. Stops, Inc.*, No. 6:09-cv-1763-Orl-19KRS, 2010 WL 3517039, at *6 (M.D. Fla. Sept. 7, 2010)).

A physician who supplies an opinion procured directly from treatment is not subject to the expert witness disclosure requirements in Rule 26(a)(2)(B). *Cruz v. United States*, Case No. 12-21518-CIV, 2013 WL 395460, at *4 (S.D. Fla. Jan. 31,

6

2013). "But, if a health care professional is asked to give *any additional opinions*, *beyond those procured directly from treatment*, then for those additional opinions to be admissible, Plaintiff must first provide the full written disclosures required by Rule 26(a)(2)(B)." *Blakely v. Safeco Ins. Co. of Illinois*, No. 6:13-cv-796-ORL-37, 2014 WL 1118071, at *3 (M.D. Fla. Mar. 20, 2014) (emphasis added).

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by [Rule 26(a)(2)(B)], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also Prieto* at 1318; *Walter International Productions, Inc. v. Salinas*, 650 F.3d 1402 (11th Cir. 2011) (affirming district court's ruling excluding testimony of six expert witnesses because counsel failed to comply with the disclosure rule and that failure was not substantially justified or harmless). "Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Chapple v. State of Ala.,* 174 F.R.D. 698, 701 (M.D. Ala. 1997) (defendants' alleged familiarity with subject matter of plaintiff's expert's anticipated testimony did not establish substantial justification for failure to comply with scheduling order). The failure is harmless when there is no prejudice to the party entitled to the disclosure. *See generally, Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co.,*

2008 WL 2477619 *4 (M.D. Fla., June 18, 2008).

The moving party has the initial burden of showing a valid basis to strike Plaintiff's expert witness disclosures. *In re Denture Cream Prod. Liab. Litig.*, Case No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. October 22, 2012). The burden then shifts to the nondisclosing party to demonstrate that the failure to disclose was substantially justified or harmless. *Id.*

## II.  Dr. Hair

In Plaintiff's expert disclosure, he disclosed the following concerning Dr. Hair:

> Laura Hair, M.D. (Medical Examiner) Dr. Hair is both a fact witness and consultant medical examiner issuing an addendum report on Mrs. Ibarra. As a medical examiner who did review Mrs. Ibarra's autopsy and body parts, medical standard of care questions will be elicited. She was previously disclosed.

(Exhibit A at p. 1). He further stated that Dr. Hair "will give opinions concerning the autopsy findings that were rendered following the death of Mrs. Ibarra" and that she was "provided the actual body of Mrs. Ibarra for their examination." *Id.* at p. 2. Dr. Hair's deposition testimony reveals the falsity and inadequacy of these disclosures. (*See generally*, Deposition of Dr. Hair attached hereto as Exhibit "B"). In fact, Dr. Hair did not perform the autopsy of Karen Ibarra and was not provided with the actual body of Mrs. Ibarra. Rather, she only examined her brain for the Doctor performing the autopsy – Dr. Broussard. She did not sign the autopsy report

or otherwise play a role in making the cause of death determination. She only "signed the neuropathology report." (Exhibit B, Depo. of Dr. Hair p.6, l. 8). As such, her opinions about matters outside the scope of her direct involvement concerning neuropathology are inadmissible because Plaintiff has not complied with his disclosure requirements under Rule 26(a)(2)(B).

Dr. Hair's deposition testimony was replete with opinions of matters outside of her neuropathology involvement, especially as it relates to cause of death. For example, she testified as follows:

> [W]ere it my case, which it isn't, I don't think I would attribute it [cause of death] to the venous malformation.
>
> I think that she [Mrs. Ibarra] had some sort of heart arrhythmia, most likely to electrolyte abnormality caused by psychological disorder and the way she was taken care of before that happened.

(Exhibit B, Depo. of Dr. Hair, pp. 13-14, 17). These opinions are not related to her actual involvement with this case concerning neuropathology. Rather, they are derived from information and materials provided after the fact from Plaintiff's counsel. *Id.* at p. 15-16. Indeed, Dr. Hair testified that:

> I'm not trying to second guess [Dr. Broussard] or anything like that, I'm just someone you're asking my – I mean, it's like if I was taking the board exam, and they give me – this is a test question here is your test case. Okay. So I will give you my opinions on the test case.

*Id.* at p. 50. Such non-personal, hypothetical knowledge is the exact kind of expert testimony that mandates full disclosure under Rule 26(a)(2)(B) including a written

report. The absence of such a report is fatal to Dr. Hair's testimony about cause of death.

Accordingly, Dr. Hair's testimony other than that based upon her role as the neuropathology examiner should be stricken as inadmissible. This includes her opinions on cause of death and all matters outside the scope of her direct involvement concerning neuropathology. Plaintiff failed to provide full written disclosures including an expert report required by Rule 26(a)(2)(B). The disclosure itself is inadequate and incomplete, and it does not contain an expert report from Dr. Hair. *See* Fed. R. Civ. P. 37(c)(1), ("If a party fails to provide information or identify witnesses required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion at a hearing or at trial. . ."); *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (requiring a written report from treating physicians who give expert testimony beyond the scope of the treatment rendered and who review information provided by attorneys in rendering their opinions); *Blakely*, 2014 WL 1118071, at *3 ("Any additional opinions Plaintiff might seek to elicit from these health care professionals are inadmissible because Plaintiff has failed to provide the full written disclosures required by Rule 26(a)(2)(B)."); *Singletary*, 2010 WL 3517039, at *10 (excluding treating physician's expert testimony where it implicated facts beyond the scope of the treating physician's diagnosis and treatment and no expert

report was provided).

### III.     Dr. Broussard

As noted, Dr. Broussard performed the autopsy of Mrs. Ibarra. His personal involvement in this matter concerns his determination of cause of death. Yet, in Plaintiff's expert disclosure, he states that "medical standard of care questions will be elicited." As with Dr. Hair, the opinions of Dr. Broussard outside the scope of his direct involvement with the autopsy of Mrs. Ibarra are inadmissible because of the failure to provide an expert report.

### IV.     Ms. Borelli

While this Court previously denied the motion to strike expert Borelli based on Plaintiff's representations of cure, new grounds now warrant that the testimony and report of Ms. Borelli be stricken as inadmissible. Namely, Ms. Borelli's deposition testimony has revealed the complete inadequacy and incompleteness of her expert report provided on January 22, 2015 – seventeen days after the extended expert disclosure deadline.[3]   Ms. Borelli's expert report is attached hereto as Exhibit "C". In the report, Ms. Borelli states that she has reviewed the deposition of Mr. Ibarra, Sarasota Fire and Rescue Records, Armor Correctional Health

---

[3] Plaintiff indicated that Ms. Borelli had a gastric issue and was unable to timely complete her verified opinion, although that information was not disclosed on December 30, 2014 in Plaintiff's Motion for Enlargement of Time or on January 5, 2015 in the initial disclosure. *See* (Exhibit C at p. 1). Moreover, when asked at her deposition as to whether or not she was ill or hospitalized in January of 2015, she stated that she was hospitalized in February of 2015. (Exhibit D, Depo. of Borelli, at pp. 18-19). She also stated she did have a brief health issue in December of 2014 that did not cause her to be out of work for an extended period of time. *Id.* at p. 27. Additionally, she testified that she was retained as an expert on January 7, 2015 – two days after this Court's extended expert disclosure deadline. *Id.* at p. 17.

Records, the Complaint, and the autopsy. (Exhibit C at p. 2). Based on this information, she opined in the report that Mrs. Ibarra's cause of death was related to dehydration. *Id.* She further expressed her vague "opinion that there was something going on with this patient and she deserved proper medical care and treatment in a hospital setting." *Id.* at p. 3.

However, in her deposition testimony, Ms. Borelli expressed opinions both different than and additional to those disclosed in her expert report. *See* Depo. of Borelli, attached hereto as Exhibit "D". She based these new opinions on information not listed in the expert report. Despite the primary opinion expressed in her expert report that she believes dehydration was the cause of death of Mrs. Ibarra, she testified at her deposition that she does not have any opinions as to cause of death because she is not a physician. (Exhibit D, Depo. of Borelli, at p. 40).

Additionally, a significant portion of Ms. Borelli's deposition testimony consisted of her new and previously undisclosed opinions with respect to Armor's policies and procedures. She opined, after examining a stack of Armor's policies and procedures, that twenty-one of those policies were not followed by the nurses in this case. *Id.* at p. 83. She went through and named each separate policy she believed was violated. She also opined that Armor's "Vision Statement" was not followed. In her expert report, which has never been properly supplemented, she at

12

no time mentioned any failure to follow any policies or procedures. In fact, she never once mentions the word "policy" or "procedure" in her brief expert report. Moreover, these policies and procedures are not included in the expert report as materials that she reviewed in forming her opinion. Along with these policies and procedures, she also reviewed additional documents that were not included in the expert report or a proper supplement including deposition testimony from multiple nurses and investigation photos of Mrs. Ibarra. Again, her expert report was never supplemented to incorporate these new materials and the new opinions gathered therefrom. The failure is a blatant violation of the Federal Rules of Civil Procedure.

The prejudice caused to Armor by Ms. Borelli's insufficient expert report is further illustrated by the deposition of Dr. Steven R. Shelton – Armor's disclosed expert on the provision of medical services in the correctional setting. The deposition occurred on June 1, 2015, and the transcript has not been received as of the filing of this motion. At the deposition, Plaintiff's counsel repeatedly chastised Dr. Shelton for not reviewing Armor's policies and procedures in reaching his expert opinions. Dr. Shelton's expert report was timely served on January 15, 2015 – a full week prior to Plaintiff serving Ms. Borelli's brief "report." When preparing his report, Dr. Shelton did not have the benefit of even the cursory opinions set forth in Ms. Borelli's report because of Plaintiff's tardiness. This is exactly why

plaintiffs are required to submit their expert disclosures and reports prior to defendants: so that a defendant's expert can adequately address the opinions made by a plaintiff's expert. In any event, even if Dr. Shelton had the benefit of Ms. Borelli's brief report prior to preparing his, he still would have no reason to examine Armor's policies and procedures because Ms. Borelli's report contains absolutely no mention of these materials. Armor's policies and procedures were simply not an issue at the time because of Ms. Borelli's insufficient expert report.

Under these circumstances, Plaintiff has not complied with his obligations to properly disclose Ms. Borelli as an expert witness under Rule 26(a)(2)(B). Ms. Borelli's expert report was clearly deficient. It did not contain any detailed information about her opinions, and virtually none of her opinions expressed in her deposition were included in the report. Moreover, simply because Armor has now had the opportunity to depose Ms. Borelli does not cure this deficiency. As stated by the Seventh Circuit Court of Appeals,

> Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. The purpose of Rule 26(a)(2) is to provide notice to opposing counsel – *before the deposition* – as to what the expert witness will testify, and this purpose would be completely undermined if parties were allowed to cure deficient reports with later deposition testimony.

*Ciomber v. Cooperative Plus, Inc.*, 527 F. 3d 635, 642 (7th Cir. 2008) (holding the district court properly excluded the testimony of plaintiff's expert in regard to

defendant's motion for summary judgment because the report plaintiff submitted regarding that testimony was inadequate) (internal citations omitted) (emphasis added); *see also Acosta v. Electolux N. Am.*, No. 08-60213-CIV-DIMITRO, 2008 WL 5246160, at *5 (S.D. Fla. Dec. 16, 2008) ("[A]n expert report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and, thus, to conserve resources.").

As such, this Court should strike Ms. Borelli's expert report and deposition testimony because of the blatant failure to comply with Rule 26(a)(2). *See Romero v. Drummond Co., Inc.*, 552 F. 3d 1303, 1323-24 (11th Cir. 2008) (concluding trial court did not abuse its discretion when it excluded expert reports which failed to comply with the requirements of Rule 26(a)(2)(B)).

## V. Mr. Gunja

According to Plaintiff's expert disclosure, Mr. Gunja is a retained expert on correctional facilities. Plaintiff did not provide Mr. Gunja's expert report at the time that one was due, and he still has not provided one to this day. Furthermore, Plaintiff's expert disclosure indicated that Mr. Gunja's opinion had not been finalized at the time of the disclosure due to discovery depositions not occurring until later in the month. (See Exhibit "A", p. 2). Only a preliminary opinion was

provided. Plaintiff used this same argument in response to the initial motion to strike to contend that the failure to provide Mr. Gunja's expert report was substantially justified. [Doc. 20 at p. 3-5]. Plaintiff stated that he would "provide such finalized opinions [of Mr. Gunja] at the earliest possible time after the fact discovery of the remaining Armor treating medical providers and the Armor administrator." [Doc. 20 at p. 4]. The discovery deadline of June 1, 2015 (which was extended to that date from March 2, 2015 upon joint request of the parties [Doc. 16]) has now past. Yet, Plaintiff has still not met his obligations under Rule 26(a)(2)(B) to provide an expert report of Mr. Gunja.

As such, this Court should strike Mr. Gunja as an expert. Armor is unable to prepare for trial and proper cross-examination of Mr. Gunja without an adequate disclosure.

WHEREFORE, Armor Correctional Health Services, Inc.., respectfully requests entry of an order striking Plaintiff's above-referenced experts and excluding their expert testimony from being used in any form in support or defense of any motion, at any hearing, or at trial.

## Local Rule 3.01(g) Certification

**I HEREBY CERTIFY** that pursuant to this Court's Local Rule 3.01(g), on June 9, 2015, the undersigned conferred with Plaintiff's counsel in an attempt to resolve these issues before filing this Motion. Plaintiff's counsel agreed that Joseph

16

E. Gunja will not be used as an expert, but we were unsuccessful in resolving all other issues.

/s/ S. Renee Stephens Lundy
S. RENEE STEPHENS LUNDY, ESQ.
Florida Bar No. 0501867
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310   Fax: 407-648-0233
RLundy@drml-law.com
Brittank@drml-law.com
Denise.Covert@drml-law.com
Attorneys for Defendant

**I HEREBY CERTIFY** that on June 9, 2015, the foregoing was electronically filed through CM/ECF which will send a notice of electronic filing to William E. Partridge, Esquire, Grossman, Roth and Partridge, 1800 Second Street, Suite 777, Sarasota, FL 34236 (wepgrossmanroth.com; ajs@grossmanroth.com; las@grossmanroth.com).

/s/ S. Renee Stephens Lundy
S. RENEE STEPHENS LUNDY, ESQ.
Florida Bar No. 0501867
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
RLundy@drml-law.com
Brittank@drml-law.com
Denise.Covert@drml-law.com
Attorney for Defendant